**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DAVID L. CALDWELL,
          Appellant,

     v.

OFFICE OF PERSONNEL
   MANAGEMENT,
          Agency.

DOCKET NUMBER
DC-0842-25-0134-I-1

DATE: April 27, 2026

# THIS ORDER IS NONPRECEDENTIAL[.]

David L. Caldwell, Bladensburg, Maryland, pro se.

Eva Ukkola, Tiffany Slade, and Tanisha Elliott Evans, Washington, D.C.,
   for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM). For the reasons discussed below, we GRANT the appellant's petition for

---

[.] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant is a former Federal employee, who worked for the National Gallery of Art for approximately 25 years until 2012. Initial Appeal File (IAF), Tab 1 at 61, Tab 8 at 6, 18. His Federal Employees' Retirement System (FERS) annuity, which was finalized in 2012, did not include credit for his 6 years of military service with the U.S. Army. IAF, Tab 8 at 6. The appellant requested that OPM recalculate his FERS annuity. *Id.* OPM issued an initial decision denying his request because it found no evidence of creditable military service paid under FERS. *Id.* On August 5, 2024, he filed a request for reconsideration with OPM. *Id.* OPM issued a reconsideration decision, dated October 28, 2024, affirming its initial decision. *Id.* at 6-7. The appellant filed an initial appeal with the Board on November 13, 2024. 5 C.F.R. § 1201.4(l); IAF, Tab 1 at 63.

On January 30, 2025, the administrative judge issued an order scheduling a virtual hearing on March 21, 2025, using Zoom for Government (Zoom). IAF, Tab 9 at 1. During a telephonic prehearing conference on March 17, 2025, the appellant informed the administrative judge that he did not have a computer that could connect to Zoom. IAF, Tab 13 at 1. The administrative judge offered to hold an in-person hearing, but the appellant declined. *Id.* As a result, the administrative judge scheduled a telephonic hearing on March 21, 2025. *Id.* The administrative judge's supplemental hearing order, dated the same day, contained the call-in information for the hearing. *Id.* The supplemental hearing order also indicated that the administrative judge provided the call-in information to the parties during the prehearing conference. *Id.*

The appellant did not attend the telephonic hearing on March 21, 2025, and the administrative judge issued an Order to Show Cause for him to explain within 10 calendar days why he did not appear and why the administrative judge should

not cancel his hearing request and decide the appeal on the written record. IAF, Tab 14 at 1-2. On April 2, 2025, the administrative judge issued a Close of Record Order in which he determined that the appellant did not show good cause for not appearing at the scheduled hearing and that canceling the appellant's hearing request and deciding the appeal based on the written record would serve the ends of justice. IAF, Tab 17 at 1-2. The administrative judge found the sanction to be justified under 5 C.F.R. § 1201.43(e). *Id.* at 2.

The administrative judge issued an initial decision, dated June 10, 2025, based on the written record. IAF, Tab 23, Initial Decision (ID). He affirmed OPM's reconsideration decision, finding that the appellant did not prove that he made a military service deposit creditable under FERS or that an administrative error caused him not to make a military service deposit. ID at 5-8, 10. The administrative judge also concluded that the appellant did not prove his claims of discrimination or reprisal. ID at 9-10. The appellant filed a petition for review on June 19, 2025. 5 C.F.R. § 1201.4(l); Petition for Review File, Tab 1 at 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge cancelled the appellant's hearing request because he found that the appellant did not show good cause for not appearing at the scheduled telephonic hearing on March 21, 2025. IAF, Tab 17 at 1-2. In making this determination, the administrative judge considered the appellant's filings that were docketed by the Board on March 31 and April 1, 2025. *Id.* (citing IAF, Tabs 15-16). The administrative judge noted that the appellant stated in the first filing that he had "'good cause to proceed as scheduled' and then referred to the date and time that the parties participated in the prehearing conference." *Id.* (quoting IAF, Tab 15 at 4). The administrative judge next remarked that the appellant's second filing contained an excerpt from the Board's January 30, 2025 hearing order. *Id.* at 2 (citing IAF, Tab 16 at 2).

The administrative judge incorrectly determined that these filings were made in response to the March 21, 2025 Order to Show Cause. The appellant mailed the first filing to the Board on March 18, 2025, which was 3 days before the Order to Show Cause was issued. IAF, Tab 14 at 1, Tab 15 at 11. He mailed the second filing to the Board on March 21, 2025, the same day as the scheduled hearing. IAF, Tab 13 at 1, Tab 16 at 3. Because the appellant was not an e-filer and received his filings via U.S. Mail, his March 21 filing is unlikely to have been made in response to a filing that was mailed to him the same day. IAF, Tab 14 at 4.

The appellant submitted his first post-March 21, 2025 filing on April 1, 2025. IAF, Tab 18 at 88. On the top of the second page, he wrote that "there's no follow up information concerning the 21 of March 2025." *Id.* at 2. The Board is ordinarily required to construe a pro se appellant's pleadings liberally. *See Groves v. McDonough*, 34 F.4th 1074, 1080 (Fed. Cir. 2022). Construing his pleadings liberally, we find that the appellant was stating that he had not received the call-in information for the telephonic hearing.

The Board's regulations authorize an administrative judge to cancel a scheduled hearing as a sanction when an appellant engages in contumacious conduct or conduct prejudicial to the administration of justice. *See* 5 C.F.R. § 1201.43(e); *see also Hart v. Department of Agriculture*, 81 M.S.P.R. 329, ¶ 5 (1999) (finding that an appellant's right to a hearing should not be denied as a sanction absent extraordinary circumstances). We find that the type of "extraordinary circumstances" that might warrant the extreme sanction of cancelation are lacking in this case. First, in issuing this sanction, the administrative judge relied exclusively on two documents that the appellant did not submit in response to the Order to Show Cause. IAF, Tabs 15-16. Second, the appellant's statement that he had not received the order containing the call-in details for the hearing provides a reasonable basis for his lack of attendance at the hearing. IAF, Tab 18 at 2. Third, the administrative judge issued a

March 17, 2025 supplemental hearing order containing the call-in information for the hearing scheduled 4 days later.  IAF, Tab 13 at 1.  The appellant was served this order via U.S. Mail.  *Id*. at 3.  We find it unreasonable for the administrative judge to expect that the appellant would receive this order before the scheduled hearing.  *See* 5 C.F.R. § 1201.4(l) (presuming that mail received by the Board without a postmark was mailed 5 days before its receipt).  We therefore vacate the initial decision and remand the appeal.

### ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                         _____
                                       Gina K. Grippando
                                       Clerk of the Board

Washington, D.C.